**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID MATUSOW; SANDRA L. BAHR,

Petitioners,

v.

ANDREW WHEELER, Administrator,
United States Environmental Protection
Agency; JOHN BUSTERUD, Regional
Administrator, U.S. EPA Region 9; U.S.
ENVIRONMENTAL PROTECTION
AGENCY,

Respondents.

No.   20-72279

EPA No.
EPA-R09-OAR-2019-0541

MEMORANDUM[*]

On Petition for Review of an Order of the
Environmental Protection Agency

Argued and Submitted March 11, 2022
Phoenix, Arizona

Before:  HAWKINS, PAEZ, and WATFORD, Circuit Judges.

David Matusow and Sandra Bahr petition for review of the Environmental

Protection Agency's ("EPA") final action approving revisions to Arizona's state

implementation plan ("SIP") to meet the Clean Air Act requirements for the 2008

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

ozone National Ambient Air Quality Standards ("NAAQS") in the Phoenix-Mesa nonattainment area ("Phoenix NAA"). We have jurisdiction under 42 U.S.C. § 7607(b)(1). We will set aside EPA's action only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). We deny the petition for review.

The petition before us is one of several challenges petitioners have brought concerning EPA's actions regarding the Phoenix NAA. Shortly before filing the instant petition, petitioners also filed a petition for review of EPA's determination that the Phoenix NAA had attained the 2008 ozone NAAQS by the designated attainment date of July 20, 2018. Many of petitioners' challenges to EPA's approval of the SIP revision depend upon their contention that the Phoenix NAA did not actually reach attainment by the attainment date. While briefing was underway on the instant petition for review, our court denied petitioner's companion challenge to EPA's attainment finding for the Phoenix NAA. *See Bahr v. Regan*, 6 F.4th 1059 (9th Cir. 2021). Petitioners now appear to concede, and we agree, that *Bahr* forecloses the majority of their challenges to EPA's approval of the SIP revision as well.

Petitioners preserved the discrete argument that the Clean Air Act did not allow EPA to excuse the State from including reasonable further progress ("RFP") contingency measures in the SIP revision. *See* 42 U.S.C. § 7607(d) (limiting judicial

20-72279

review to only those objections "raised with reasonable specificity during the period for public comment"). Although *Bahr* involved attainment contingency measures, its reasoning applies to RFP contingency measures as well, and we defer to EPA's permissible interpretation of the statute. *See Bahr*, 6 F.4th at 1082–83 (analyzing EPA action following two-step approach set forth in *Chevron, USA Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), and deferring to EPA's reasonable resolution of statutory ambiguity).

RFP contingency measures are intended to aid a region's progress toward attainment by the attainment date, and thus operate in advance of that date. *See* 42 U.S.C. § 7501(1) (defining RFP as "such annual incremental reductions in emissions . . . for the purpose of ensuring attainment of the applicable national ambient air quality standard by the applicable date"); *id.* § 7511a(b)(1)(A)(i) (requiring SIP to provide for "such specific annual reductions in emissions of volatile organic compounds and oxides of nitrogen as necessary to attain the national primary ambient air quality standard for ozone by the attainment date"); *see also* 84 Fed. Reg. 52,838, 52,847 (Oct. 3, 2019) (explaining EPA's understanding that Congress intended a finding that an area attained the standard by the attainment date to mean that RFP requirements are met). The Clean Air Act does not specify whether a SIP must include RFP contingency measures once EPA issues a determination that the area achieved attainment by the attainment date. *See Bahr*, 6 F.4th at 1083 (finding

statute is silent as to attainment contingency measure requirement in event of attainment by the attainment date). Because RFP contingency measures operate in advance of the attainment date, EPA's suspension of the requirement for Arizona's SIP revision was reasonable. *See id.* at 1084 ("EPA's interpretation that such measures may be waived or suspended if the only contingency upon which such measures are triggered cannot possibly occur does no violence to the statute or to EPA's ability to enforce the Clean Air Act's NAAQS program.").

**DENIED.**